*Casey,* for *plaintiff.*

*Alricks,* for *defendant.*

---

*Court of Common Pleas, Dauphin County, December 18th, 1857.*

THE COMMONWEALTH OF PENNSYLVANIA *v.* WILSON & McCULLOUGH.

A miller, who purchases grain, grinds it into flour, and sells it, is a dealer, and must take out a mercantile license under the act of 22d April, 1846.

BY THE COURT.—The controversy in the present case arises under section 11 of the act of 22d April, 1846, relative to mercantile taxes. We think that no great difficulty exists in the construction of the act as applicable to the facts admitted; but we have two decisions of the Supreme Court, which conflict in principle though not in words; the later does not overrule the former, yet combats it, and ultimately declares that it may be right enough under the circumstances of that case. In Berks County *v.* Bertolet (1 H. 522), millers carrying on business like the present defendants were held liable to taxation and the payment of a license fee, although they raised a portion of the grain ground in their mill on their own farm, and took other portions as tolls on the grain of customers. Yet as they sold it in different places, they were held not to be mechanics, but dealers. They bought to sell again. The present defendants purchase all the grain used in their mill, and make it into flour, which they sell in Philadelphia, New York, and Baltimore, and also to such customers in the neighborhood as bespeak it. Therefore, they can more strictly be considered dealers than Bertolet. In Norris & Brothers *v.* The Commonwealth (3 C. 494), it is held that manufacturers of locomotives, who carry on a shop, and sell their commodities throughout the State or United States, are not dealers, although they purchase the materials from which the engines are made. They are decided to be mechanics, and not subject to taxation;

[The Commonwealth of Pennsylvania *v.* The Girard Bank.]

nor are they required to take out a license.    The only distinction, which we are able to perceive, is that the one mainly makes his commodity by the labor of the hands, and the other by machinery —his mill.    Both vend them, when manufactured, in the same way, and neither keeps a storehouse for the purpose.

As the first decision is more parallel with the one under consideration, we shall follow it, although it is evident that the court in the later case did not like the reasoning by which Judge Rogers arrived at the conclusion.    It certainly has one quality to recommend it above the later decision ; it produces equality of burdens, which is equity.    And while we concede that the court cannot create a tax, where the legislature has not imposed it, yet, in construing a statute of doubtful meaning, it should be so interpreted as to divide the public burdens as equally as possible.    We throw out of view the decision reported in 10 Legal Intelligencer, 122, which is too much like a mere verbal criticism ; but on the case of Berks County *v.* Bertolet give judgment in favor of the plaintiff on the case stated.